[Cite as *State v. Kriwinsky*, 2024-Ohio-2690.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                    :

                                              No. 114031

    v.                                              :

JAN KRIWINSKY,                                    :

    Defendant-Appellee.                    :

[Appeal by John Doe,                              :

    Named Victim]                          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 15, 2024

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-23-687886-A

---

*Appearances:*

Vorys, Sater, Seymour & Pease LLP, James A. Wilson, and Karey E. Werner, *for appellant* John Doe.

Zuckerman, Lear & Murray, Co., LPA., Larry W. Zukerman, S. Michael Lear, and Adam M. Brown; Benesch, Friedlander, Coplan & Aronoff, LLP, Marisa T. Darden, and Allyson Cady; and Rachel L. Hampton, *for appellee* Jan Kriwinsky.

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *amicus curiae*.

ANITA LASTER MAYS, J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an appellate court to render a brief and conclusory decision. *E.g., Univ. Hts. v. Johanan,* 2022-Ohio-2578, ¶ 1 ( 8th Dist.); *State v. Trone,* 2020-Ohio-384, ¶ 1 (8th Dist.), citing *State v. Priest,* 2014-Ohio-1735, ¶ 1 (8th Dist.); *see also* App.R. 11.1(E).

{¶ 2} Victim-appellant John Doe ("Doe") appeals the trial court's decision ordering the seizure of his cell phone for a complete, full file system extraction of the cellular device and that Doe's medical and other records be produced for an in-camera review. We affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 3} On December 29, 2023, defendant-appellee Jan Kriwinsky ("Kriwinsky") was indicted for allegedly sexually assaulting Doe when he was 15 during a November 14, 2023 medical appointment and for allegedly inappropriately touching another patient. Kriwinsky, Doe's pediatrician, was charged with one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(2); one count of sexual assault, a third-degree felony, in violation of R.C. 2907.03(A)(1); and two counts of gross sexual imposition, a fourth-degree felony, in violation of R.C. 2907.05(A)(1).

{¶ 4} On January 8, 2024, Kriwinsky filed a motion to preserve evidence and to make said evidence available to the defense for inspection and/or examination. Specifically, Kriwinsky issued two subpoenas to two of Doe's therapists for his mental health records and three subpoenas for Doe's cell phone that demanded production of all the contents of the phone. On January 12, 2024, Doe filed a motion to quash the five subpoenas. Between February 6 and 9, 2024, Kriwinsky issued 12 subpoenas; five were duplicates for Doe's mental records and seven were for Doe's hospital records, pharmacy records, and school records. On February 20, 2024, Doe filed motions to quash Kriwinsky's subpoenas. On February 21, 2024, Doe filed for a protective order to limit Kriwinsky's filings under R.C. 2930 and Ohio Const., art. I, § 10a and filed a motion for a hearing on all pending motions to quash.

{¶ 5} On March 6, 2024, the trial court scheduled the hearing for March 28, 2024, because the trial court was engaged in a civil trial. However, the trial court rescheduled the hearing for April 18, 2024, and no reason was provided on the record. On April 17, 2024, Kriwinsky filed another motion to compel discovery for the complete extraction of Doe's cell phone. On April 18, 2024, the trial court held a hearing on Doe's motions to quash the subpoenas.

{¶ 6} At the hearing, Doe argued that all of Kriwinsky's subpoenas violated R.C. 2930 and Crim.R. 17. Doe argued that Kriwinsky violated Doe's victim rights because he did not provide notice of the subpoenas prior to serving them in

accordance with R.C. 2930.071(A). Doe also argued that Kriwinsky violated Crim.R. 17 by not demonstrating that the subpoenas were issued in good faith and not just a fishing expedition. Doe further argued that if the trial court decides that the discovery sought by Kriwinsky meets the evidentiary requirement, the trial court is obligated to conduct an in-camera review of the discovery.

{¶ 7} In relation to Kriwinsky's subpoenas of a complete extraction of Doe's cell phone, Doe argued that those subpoenas exceed the State's jurisdiction because they are out-of-state subpoenas that is governed by specific rules that Kriwinsky did not follow. Doe then requested that the trial court grant his motion for a protective order, seeking "three pieces of relief." Tr. 12. First, Doe requested that he not be constantly subjected to a barrage of inappropriate subpoenas and Kriwinsky be ordered to follow the law that states he must give Doe advanced notice of subpoenas. Second, Doe requested that the trial court set a trial date in accordance with R.C. 2930.08. Third, Doe requested that when the trial court sets a trial date, it will allow Doe and Doe's counsel to attend the pretrial conference to ensure that Doe's rights under R.C. 2945.483 are protected.

{¶ 8} Next, Kriwinsky argued that he filed a subpoena for Doe's cell phone because Doe took two videos on Snapchat showing red marks on his penis. A Sexual Assault Nurse Examiner ("SANE") examined Doe on November 16, 2023. On November 17, 2023, Doe provided a statement to Beachwood Police Department, where an interview was conducted. Kriwinsky argues that Doe never disclosed that

he took a video to the SANE nurse or the police. However, after the police interview, Doe's mother contacted the detective assigned to the case and stated to him that there was a video. The video was sent to the detective, but the detective was unable to play the videos. Later, two videos were shown to the police.

{¶ 9} Additionally, at this hearing, Kriwinsky argued that he filed a motion to preserve evidence and disclose the metadata on these videos to ascertain when the videos were created. On February 28, 2024, the State and Doe's father took Doe's phone to Internet Crimes Against Children ("ICAC"), who issued a report. ICAC did not do a complete extraction of the phone, but instead ICAC took a screen shot of when and where the videos were created. As a result, Kriwinsky filed a motion to compel arguing that a screen shot is not reliable evidence and that an extraction of the phone will preserve the evidence. Kriwinsky stated to the court that they were requesting the metadata related to the two videos and not all the information on the phone. However, Kriwinsky pointed out to the court that there were two other aspects of the phone they were interested in, including an Instagram post made by Doe on November 14, 2023, after his doctor visit where he danced to a song. The song was called, You Missed My Heart. There was a message that says, "tough times. I have something big in the making, with a lips or kiss emoji." Tr. 24. Kriwinsky also wanted information relating to Doe's Google searches that he made while he was in the waiting room of Kriwinsky's office, to determine whether it was before or after the alleged assault. Tr. 24.

{¶ 10} Specifically, Kriwinsky is interested in Doe's search of friction burns from masturbation on his penis. He argues that the search is potential exculpatory evidence that could be deleted if there is not an order to preserve. In relation to Doe's assertion that Kriwinsky failed to notify him of potential subpoenas before filing, Kriwinsky argued that notice was given once he issued identical subpoenas.

{¶ 11} Kriwinsky also argued that subpoenas were issued to Doe's mental healthcare providers because his diagnoses, medications, and treatments are relevant, admissible evidence. Kriwinsky stated that Doe's educational records were requested because reports of Doe's behavior were relevant. After Kriwinsky's arguments, the trial court and trial counsel for both Doe and Kriwinsky discussed whether Kriwinsky provided notice to Doe before the subpoenas were issued.

{¶ 12} The trial court did not make a determination but, rather, instructed both parties to check with the clerk's office at the end of the hearing. Doe then argued that Kriwinsky issued a subpoena for the wrong phone, Doe's mother's cell phone. Kriwinsky's counsel specified that they were only requesting Doe's Google search history, the metadata for the two videos, and the Instagram information regarding the post Doe made on the day the alleged assault occurred.

{¶ 13} The trial court limited Kriwinsky's search to just those items noted, and Doe agreed. Kriwinsky agreed to the limited scope. The trial court decided that a complete download of the phone should be done, but Kriwinsky is only provided with the Google search history, the metadata for the two videos, and the Instagram

video. Both parties agree to the trial court's decision that ICAC will make a mirror image of the phone. The State will retain all information but provide Kriwinsky with the limited information requested.

{¶ 14} Next, Doe argued that Kriwinsky's request for Doe's medication and educational records is improper because Crim.R. 17 is not the correct way to seek impeachment material. The trial court ruled that it would complete an in-camera review of the medical, psychological, school and pharmaceutical records.

{¶ 15} After the hearing, the trial court issued a journal entry on June 7, 2024, stating:

> By agreement of the parties, the Court orders counsel for John Doe to produce John Doe's cell phone used by him on or about November 13, 2023 and believed to be an iPhone 15 Pro (hereinafter, the "cellular device") to the Prosecuting Attorney (or directly to ICAC) for a complete, full file system extraction of the cellular device for the purpose of data preservation, forthwith, but no later than the end of business on 7-8-24. The State of Ohio is hereby ordered to conduct a full file system forensic extraction of John Doe's cellular device, and to maintain a copy of said full file system forensic extraction.
>
> A.  Following the full file system extraction of John Doe's cellular device, the State of Ohio is ordered to produce to counsel for the Defendant the following three (3) categories of forensically recovered data:
>
> i)  All forensically recovered data and/or metadata pertaining to search engine and/or browser searches, including but not limited to "Google" searches during November, 2023;
>
> ii)  All forensically recovered data and/or metadata pertaining to Instagram and John Doe's usage of the Instagram website and/or Instagram application, service and/or application from November 13, 2023 to November 15, 2023; and

iii) All forensically recovered data and/or metadata pertaining to the two (2) videos that John Doe took of himself, which he subsequently provided to law enforcement on or about November 17, 2023 and/or November 22, 2023, including but not limited to data relating to the Snapchat and Camera Roll applications contained on John Doe's cellular device, as well as data and/or metadata relating to the cellular device's internal date, time and location services settings.

Journal Entry No. 182530443 (Jun. 7, 2024).

{¶ 16} On June 10, 2024, the trial court issued another journal entry, stating:

Based upon John Doe's and the Defendant's filings, and the evidence heard in open court during the April 18, 2024 hearing, the Court finds that the Defendant has met his burden pursuant to R.C. 2930.071(A)(2)(b) and, therefore, orders the following individuals/entities to produce, directly to the Court for in camera inspection, the documents and records sought pursuant to the Defense subpoenas issued in this matter on February 9, 2024.

Journal Entry No. 182620452 (Jun. 10, 2024).

{¶ 17} On June 11, 2024, Doe filed a notice of appeal assigning two errors for our review:

1. The journal entry of June 7, 2024 abused the trial court's discretion by ordering the seizure of John Doe's cell phone for copying and delivery to the prosecuting attorney; and

2. The journal entry of June 10, 2024, abused the trial court's discretion by ordering that John Doe's medical and other records to be produced for in camera review.

## II. Law and Analysis

{¶ 18} In Doe's first assignment of error, he argues that the trial court abused its discretion in ordering the State "to conduct a full file system forensic extraction of . . . Doe's cell phone, and to maintain a copy of said full file system forensic extraction." "We generally review a trial court's ruling on discovery matters, including motions to quash subpoenas, for abuse of discretion." *Gangale v. Coyne*, 2022-Ohio-196, ¶ 24 (8th Dist.). "Abuse of discretion is 'a very high standard.'" *Id.*, citing *Supportive Solutions Training Academy, L.L.C., v. Elec. Classroom of Tomorrow*, 2013-Ohio-3910, ¶ 11 (8th Dist.). A trial court abuses its discretion where its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 19} "Article I, Section 10a of the Ohio Constitution, a.k.a. 'Marsy's Law,' grants crime victims a right in criminal cases to obtain judicial review of discovery orders that affect their Marsy's Law rights." *State ex rel. Thomas v. McGinty*, 2020-Ohio-5452, ¶ 1.

> Even though Section 10a(A)(6) grants to a crime victim the right to refuse the discovery request of an accused, it applies "except as authorized by section 10 of Article I of this constitution," which sets forth the state constitutional rights of an accused. Thus, a victim's rights under Section 10a(A)(6) are not absolute.

*Id.* at ¶ 28.

{¶ 20} Marsy's Law became effective April 6, 2023. *See* 2022 Sub.H.B. No. 343. Along with this legislation, R.C. 2930.071 provides a framework for a trial court's review of a motion to quash a subpoena for records of or concerning a victim. According to this provision, a court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." R.C. 2930.071(A)(2)(a). The statute further provides:

> [T]he court shall conduct a hearing in which the proponent of the subpoena shall prove all of the following:
>
> (i) That the documents are evidentiary and relevant;
>
> (ii) That the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> (iii) That the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial;
>
> (iv) That the application is made in good faith and is not a violation of Ohio Rules of Criminal Procedure.

R.C. 2930.071(A)(2)(b). *See also* Crim.R. 17.

{¶ 21} The trial court conducted a hearing on April 18, 2024, where both Doe's and Kriwinsky's counsel argued for and against Doe's motion to quash. At the end of the hearing, trial counsel for both Doe and Kriwinsky agreed that ICAC will conduct a full extraction of Doe's cell phone to preserve potential evidence that will remain with the State, with the exception of the Google search history, the metadata for the two Snapchat videos, and the Instagram post made by Doe on November 14,

2023, after his doctor visit. Doe's counsel agreed, stating, "We will work with them to allow their expert to look at the cell phone limited to the three subjects that they stated." Tr. 58. The State agreed to do the full extraction at no cost to Doe or Kriwinsky, and the trial court asked if Doe would agree to allow ICAC to do a complete and full mirror imaging of the phone so there would not be any worry about loss of evidence. Tr. 62. Doe's counsel agreed, stating, "We're willing to agree to that provided that would [sic] image is provided to us." *Id.*

{¶ 22} The trial court issued the June 7, 2024 journal entry ordering what both Doe and Kriwinsky agreed to at the hearing. Doe did not object to the trial court's decision. In Doe's appellate brief, he argues that his trial counsel agreed voluntarily to allow the cell phone imaging, but on the condition that the only content that was to be produced was metadata concerning the videos showing the bruising of Doe's penis and limited productions of data concerning Google searches and Instagram posts. Doe's arguments are in error. Doe's trial counsel agreed that complete and full mirror imaging of Doe's phone would be done and the limited content requested by the defense would be provided to the defense. Tr. 60. The State would retain the rest of the imaging. Doe's trial counsel also agreed that Doe would receive the mirror imaging.

{¶ 23} Doe also argues that the trial court failed to hold an evidentiary hearing. However, at the hearing, Doe's counsel stated that the hearing was an evidentiary hearing. Tr. 19. Additionally, R.C. 2930.071(A)(2)(b) states: "[T]he

court shall conduct a hearing . . . ." It does not state that the trial court shall conduct an evidentiary hearing. However, we agree with Doe's trial counsel that the trial court did conduct an evidentiary hearing.

{¶ 24} After a thorough review of the record, we determine that the trial court did not abuse its discretion by ordering the full file system extraction of Doe's cellular device. As stated in the trial court's journal entry and at the hearing, the State will preserve the imaging from the phone and provide Kriwinsky with the limited data stated in the journal entry and agreed upon by both Doe's and Kriwinsky's trial counsel.

{¶ 25} Therefore, Doe's first assignment of error is overruled.

{¶ 26} In Doe's second assignment of error, Doe argues that the trial court abused its discretion when it ordered that Doe's medical and educational records be produced directly to the court for in-camera inspection. If the court considers the factors of R.C. 2930.071(A)(2)(b)(i) - (iv) and does not quash the subpoena, "the court shall conduct an in-camera review of any records as to which a right of privilege has been asserted." R.C. 2930.071(A)(3). "If during the in camera review, the court determines that any of the records 'are privileged or constitutionally protected, the court shall balance the victim's rights and privileges against the constitutional rights of the defendant.'" *State v. O'Neill*, 2024-Ohio-485, ¶ 9 (12th Dist.), quoting R.C. 2930.071(A)(4). *See also State v. Boyle*, 2023-Ohio-3161, ¶ 25 (8th Dist.).

{¶ 27} In its June 10, 2024 journal entry, the trial court stated, "[T]he Court finds that the Defendant has met his burden pursuant to R.C. 2930.071(A)(2)(b) . . . ." Doe's trial counsel stated that if the court finds that the request for the documents meets the evidentiary requirement, "then the court is obligated . . . to conduct an in-camera review of everything that is produced." Tr. 10. The trial court also explained on the record why Kriwinsky's request for the records proves the factors in R.C. 2930.071(A)(2)(b)(i) - (iv). The trial court stated to Doe's trial counsel concerning Kriwinsky's request for Doe's records:

> But what they're saying is, this young man may have had a history of issues that related to the necessity of psychotropic and antipsychotic medications. And you know, in my experience here and otherwise, is that, you know, the untreated aspect of this stuff, that's really of concern more than what they're treated for. You, you're treated for it, the issues come in to, you know, more into control when you're in a psychotic episode. That's when you're really at issues with reality and stuff like that. But you're controlled you don't have the issues of figuring out what reality is and reporting it. And — but he has here a pretty long list of substantial and serious medication for these . . . . But it's history, you know. And then the problem here, that I see with this is, is many times people with a history of psychotic episodes, it can be controlled, but a lot of times you lose a little bit.

Tr. 64 - 65.

> {¶ 28} Doe's trial counsel responded, stating:

> Just to be clear, the only assertion that he had psychotic evidence, is the testimony of counsel. If the court reviews the records carefully, you will see that there is no evidence of those types of incidents by my client. You will also find, if these records are produced in camera, that there is no evidence of any of those types of conduct.

Tr. 65.

{¶ 29} The trial court then agreed with Doe's counsel, stating, "We should review that in camera." *Id.* The record demonstrates that the trial court did not abuse its discretion when it ordered an in-camera review of Doe's mental health and school records. Doe's trial counsel explained to the trial court that it should review the records carefully to understand how irrelevant Doe's records are to Kriwinsky's defense. The trial court agreed to do an in-camera review. This means that neither party will have access to Doe's records arbitrarily and that the trial court will conduct a balancing test as required by law. Additionally, "[t]he disclosure of any portion of the records to the prosecutor does not make the records subject to discovery, unless the material is such that due process requires that the prosecutor provide it to the defendant pursuant to the Brady Rule." R.C. 2930.071(A)(4).

{¶ 30} Therefore, Doe's second assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY